[830 NYS2d 404]

In the Matter of TODD S. ENGEL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 2, 2007

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Acting Chief Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Thomas J. Miller,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1998, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from the facts underlying his conviction in 2005 of harassment in the second degree (Penal Law § 240.26), and with other misconduct, including neglecting client matters. Respondent filed an answer admitting the material allegations of the petition and appeared before this Court and submitted matters in mitigation.

Respondent admits that he subjected a client to inappropriate physical contact, neglected client matters and used retainer agreements in matrimonial matters that failed to include information required by the rules of this Court.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without giving due notice to the client; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

Additionally, respondent violated 22 NYCRR 1400.2 and 1400.3 by failing to provide billing statements at required intervals in domestic relations matters and failing to include necessary information in retainer agreements used in such matters.

We have considered the matters submitted by respondent in mitigation, including that the misconduct occurred at a time

when he suffered from depression for which he has sought treatment, his marriage was failing and his mother was seriously ill. Additionally, we note that respondent has an otherwise unblemished record and has expressed extreme remorse for his misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured, on condition that he agree to participate in and be monitored by a program sponsored by the New York State Bar Association Lawyer Assistance Program for a period of one year. In the event that respondent fails to participate in the program or to comply with a condition of the program, or he commits additional misconduct during the period of monitoring, the Grievance Committee shall immediately apply for an order returning the proceeding to this Court for the imposition of appropriate discipline.

SCUDDER, P.J., GORSKI, GREEN and PINE, JJ., concur.

Order of censure entered.