Matter of Engel (2022 NY Slip Op 02929)

Matter of Engel

2022 NY Slip Op 02929

Decided on April 29, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed Apr. 29, 2022.)

&em;

[*1]MATTER OF TODD S. ENGEL, AN ATTORNEY, RESPONDENT, GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Per Curiam
Order of suspension entered. Respondent was admitted to the practice of law by this Court on February 18, 1998. During the time period relevant to this matter, respondent maintained offices for the practice of law in Liverpool and Syracuse. In March and April 2021, the Grievance Committee filed a petition and supplemental petition alleging against respondent certain charges of professional misconduct. Although respondent filed answers to the petition and supplemental petition wherein he denied material allegations thereof, the parties have since filed a joint motion wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct, and the parties request that the Court enter a final order imposing the sanction of suspension for a period of one year.
Respondent conditionally admits that, from April 2018 through September 2020, he engaged in professional misconduct in relation to five client matters, including neglecting certain matters for extended periods of time, failing to respond to repeated inquiries from clients, making misrepresentations to certain clients regarding the status of their matters, and charging an impermissible nonrefundable retainer fee in two client matters. Respondent admits that one of the matters was a CPLR article 78 proceeding wherein respondent had been retained to represent the petitioner. Although Supreme Court, Onondaga County entered an order in October 2019 transferring the proceeding to this Court on the issue of substantial evidence (see e.g. Matter of Hill v State Univ. of N.Y. at Buffalo, 163 AD3d 1454, 1454-1455 [4th Dept 2018]), respondent admits that he thereafter failed to take steps necessary to effectuate the transfer and incorrectly advised the client that the matter was pending in this Court. Respondent further admits that he subsequently failed to respond to numerous inquiries from the client regarding the status of the matter. Finally, respondent admits that he failed to provide a client in a domestic relations matter with billing statements at regular intervals or a statement of client's rights and responsibilities at the outset of the representation.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after a petition is filed with this Court alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's admissions establish that he has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.1 (b)—handling a legal matter that he knows or should know that he is not competent to handle;
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 1.5 (d) (4)—entering into an arrangement for, charging, or collecting a nonrefundable retainer fee;
rule 1.15 (c) (4)—failing to pay or deliver to a client or another person, as requested by the client or other person, funds or other property in the possession of the lawyer that the client or [*2]other person is entitled to receive;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We also conclude that respondent has violated 22 NYCRR 1400.2, which requires that lawyers provide to each prospective client in a domestic relations matter a statement of client's rights and responsibilities, and 22 NYCRR 1400.3, which requires that, if a lawyer is retained in a domestic relations matter, the lawyer must execute with the client a written retainer agreement that provides for the client to receive an itemized billing statement at least every 60 days.
In imposing the sanction requested by the parties, we have considered the nature of respondent's admitted misconduct and the fact that respondent was previously censured by this Court for professional misconduct that included neglecting client matters and failing to comply with 22 NYCRR §§ 1400.2 and 1400.3 (Matter of Engel, 38 AD3d 141, 142-143 [4th Dept 2007]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year.